IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH LESLIE DRAFFEN,

    Plaintiff,

  v.

DOCTOR VENERIO SANTOS, BRAD J.
ROBERT, SCOTT SMITH, DOCTOR
FENOGLIO, LEE RYKER, MR. DISMORE,
S.A. GODINEZ and MICHAEL P. RANDLE,

    Defendants.

Case No. 11-cv-826-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been diagnosed with hyperthyroidism he believes was caused by and is aggravated by consuming soy. Eating soy causes him intestinal and other health problems.

Plaintiff claims that while he was incarcerated at Lawrence Correctional Center ("Lawrence") in 2010, Dr. Fenoglio refused his request to be placed on a soy-free or low-soy diet, and Food Supervisor Dismore continued to provide him a diet containing soy. Warden Ryker was the chief administrative officer at Lawrence at the time and denied a grievance about the issue.

Plaintiff was transferred to Centralia in 2011, where Dr. Santos also refused to place Plaintiff on a soy-free or low-soy diet, and Food Supervisor Smith continued to provide Plaintiff with a diet containing soy. Warden Robert was the chief administrative officer at Centralia at the time and denied a grievance on the issue. Defendants Godinez or Randle were directors of the Illinois Department of Corrections during all of these events. Plaintiff has refused to eat food

with soy in it and has lost a great deal of weight as a consequence.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against defendants Fenoglio, Ryker, Godinez and Randle for deliberate indifference to medical need for a soy-free or low-soy diet at Lawrence in violation of the Eighth Amendment.

**Count 2:** A claim against defendants Santos, Robert, Godinez and Randle for deliberate indifference to medical need for a soy-free or low-soy diet at Centralia in violation of the Eighth Amendment.

**Count 3:** A claim against defendants Dismore, Ryker, Godinez and Randle for deliberate indifference to health and safety needs for failing to provide adequate nutrition at Lawrence in violation of the Eighth Amendment.

**Count 4:** A claim against defendants Smith, Robert, Godinez and Randle for deliberate indifference to health and safety needs for failing to provide adequate nutrition at Centralia in violation of the Eighth Amendment.

Defendants Ryker, Robert, Godinez and Randle are dismissed from Counts 1, 2, 3 and 4 with prejudice for the following reasons:

- A defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id*.

- The doctrine of *respondeat superior* is not applicable to § 1983 actions, and there is no allegation these Defendants were personally responsible for the alleged wrongs. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Defendant Dismore is dismissed from Count 3 and defendant Smith is dismissed from Count 4 with prejudice for the following reasons:

- Plaintiff makes no allegations against these defendants plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Prison officials can only be liable under the Eighth Amendment for deliberate indifferent to an inmate's nutritional needs if they know about and disregard a serious risk of harm from the diet provided. *See Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). Where the meals these defendants provided were nutritionally adequate and there was no medical order (or

other legitimate reason) restricting Plaintiff from eating parts of those meals, they could not have been deliberately indifferent to his needs.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g). Plaintiff's complaint contains two unrelated claims against different defendants: Count 1 for deliberate indifference to medical needs against Fenoglio at Lawrence and Count 2 for deliberate indifference to medical needs against Santos at Centralia.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 2 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order. If for any reason, Plaintiff does not wish to proceed with the newly-opened case, he must notify the Court by March 15, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened case, he will be responsible for a separate filing fee of $350 in each case.

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**:

    Dismore
    Smith
    Ryker
    Robert
    Godinez
    Randle

The following counts are **SEVERED** into a separate action, for which the Clerk shall

open a new case: Count 2.  In the new case, addressing Plaintiff's deliberate indifference to medical need claim at Centralia, the Defendant is Santos.  Plaintiff shall notify the Court by March 15, 2013, if he does not wish to proceed on the newly opened case.  At that time, the Court will order service of process on Defendant in the newly opened case.

      The following defendants remain in the instant action:

           Fenoglio

      The Clerk of Court shall prepare for Defendant Fenoglio:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      If the Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

      Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendant or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 15, 2013**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**